Case 3:11-cv-03089-PKH   Document 1   Filed 09/28/11   Page 1 of 6 PageID #: 1

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 28 2011

CHRIS R. JOHNSON, Clerk
By
                Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 11-3089 |
| v. ) ) | C O M P L A I N T |
| CARE MANOR HEALTHCARE, LLC ) d/b/a CARE MANOR NURSING HOME. ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Frances J. Guthrie, who was adversely affected by such practices.

As alleged with greater particularity below, Plaintiff, Equal Employment Opportunity Commission contends that Defendant, Care Manor Healthcare, LLC d/b/a Care Manor Nursing Home, subjected Ms. Guthrie to retaliation. Specifically, the Commission alleges that Defendant discharged Ms. Guthrie because she opposed the hiring of a supervisor who sexually harassed her at a previous employer and she told Defendant that she had filed a charge of discrimination against her previous employer over the sexual harassment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Arkansas, Harrison Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Care Manor Healthcare, LLC d/b/a Care Manor Nursing Home ("Defendant Employer") has continuously been doing business in the State of Arkansas at its Mountain Home facility and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Frances J. Guthrie filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 2010, Defendant Employer has engaged in unlawful employment practices at its Mountain Home, Arkansas facility in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and Title I of the Civil Rights Act of 1991. The unlawful employment practices include retaliating against Frances J. Guthrie after she engaged in protected activity.

(a) Defendant Employer operates a skilled nursing facility in Mountain Home,

Arkansas that provides long term care and short term rehabilitation services to patients.

(b) Frances J. Guthrie began working for Defendant Employer as a dietary aide at its Mountain Home, Arkansas facility on or about October 1, 2009.

(c) Around January 2010, Ms. Guthrie learned that Defendant Employer had decided to hire Randy Cimino as the dietary manager, which would make him Ms. Guthrie's direct supervisor.

(d) Ms. Guthrie went to Cathy Hooker, Defendant Employer's administrator, to discuss the hiring of Mr. Cimino.

(e) Ms. Guthrie informed Ms. Hooker that she and Mr. Cimino had previously worked together at Gassville Nursing Home.

(f) Ms. Guthrie also stated that Mr. Cimino had subjected her to sexual harassment.

(g) Ms. Guthrie told Ms. Hooker that Mr. Cimino had sexually harassed her by making comments that she was "easy and sleazy" and asking her if she ever wanted a "quickie."

(h) Ms. Guthrie also informed Ms. Hooker that Mr. Cimino would swing a 10-pound tube of hamburger in front of himself and tell her that his penis was even larger.

(i) Ms. Guthrie informed Ms. Hooker that she filed a charge of discrimination against her previous employer over Mr. Cimino's sexual harassment.

(j) She informed Ms. Hooker that counsel had represented her on this charge, which counsel resolved in mediation.

(k) Ms. Hooker replied by stating that Mr. Cimino was certified for the position and his references had checked.

(l) During this same conversation, Ms. Hooker told Ms. Guthrie that she may want to consider finding another job.

(m) Ms. Guthrie replied that she liked her job and did not intend to quit, even if Mr.

3

Cimino were hired.

(n) Around February 2010, Ms. Hooker notified Ms. Guthrie that Defendant Employer intended to hire Mr. Cimino as the dietary manager.

(o) Ms. Hooker instructed Ms. Guthrie not to discuss the incidents of sexual harassment with other employees.

(p) Mr. Cimino began his employment with Defendant Employer on March 1, 2010.

(q) Defendant Employer terminated Ms. Guthrie on March 8, 2010 for allegedly violating company policies and engaging in activity that may endanger the welfare of employees or the reputation of the nursing home.

(r) Defendant Employer's alleged justification for terminating Ms. Guthrie was that she discussed Mr. Cimino's prior sexual harassment with fellow employees.

(s) Prior to her termination, Ms. Guthrie had not received any warnings or disciplinary actions.

8. The effect of the practices complained of in paragraphs 7 (c)-(s) above has been to deprive Ms. Guthrie of equal employment opportunities and to otherwise adversely affect her employment because she engaged in protected activity.

9. The effect of the practices complained of in paragraph 7 above has been to deprive Frances J. Guthrie of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in protected activity.

10. The unlawful employment practices complained of in paragraph 7 above were and are intentional.

11. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Frances J. Guthrie.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in acts of sex discrimination and retaliation.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in protected activity and eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Frances J. Guthrie by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay for Frances J. Guthrie.

D.  Order Defendant Employer to make whole Frances J. Guthrie by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to expenses for relocation, job search, medical expenses not covered by employee benefit plans, as well as other out-of pocket expenses, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Frances J. Guthrie by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above including, but not limited to, emotional distress, pain and suffering, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Frances J. Guthrie punitive damages for its malicious and reckless conduct described in paragraph 7 above in amounts to be

determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

JOSEPH M. CROUT
Supervisory Trial Attorney
MS Bar No. 7900

MATTHEW H. McCOY
Trial Attorney
IN Bar No. 29368-49
matthew.mccoy@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN  38104
(901) 544-0070