IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
    )
    )
    Plaintiff,    )    CIVIL ACTION NO.
    )    3:11-cv-03089-PKH
v.    )
    )
CMNRC, Inc. )
d/b/a CARE MANOR NURSING AND )
REHAB CENTER )
    )
    Defendant.   )

---

## CONSENT DECREE

---

## INTRODUCTION

The Equal Employment Opportunity Commission (Commission or EEOC) instituted this civil action against Defendant, Care Manor Healthcare, LLC d/b/a Care Manor Nursing Home (Defendant) to remedy unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., (Title VII) and Title I of the Civil Rights Act of 1991. In the Commission's Complaint filed on September 28, 2011, the Commission alleges that Defendant retaliated against Francis J. Guthrie by discharging her because she opposed the hiring of a supervisor who sexually harassed her at a previous employer and informed Defendant that she had filed a charge of discrimination against her previous employer over the sexual harassment.

Defendant denies the allegations contained in the Commission's Complaint.

This Consent Decree (Decree) does not constitute a finding on the merits of the case and does not constitute an admission by Defendant of the allegations in the Complaint.  The Commission and Defendant have consented to entry of this Decree to avoid the additional expense that continued litigation of this case would involve.

This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referenced herein.  No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing.  No representations or inducements to compromise this action have been made between the parties, other than those recited or referenced in this Decree. In the event this Decree is not approved or does not become final, it will not be admissible in evidence in any subsequent proceeding in this lawsuit.

The Court has reviewed the terms of this Decree in light of the applicable laws and regulations and the representations of counsel for the parties, and hereby approves this Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

## I. JURISDICTION

1.      The parties stipulate that the United States Court for the Western District of Arkansas, Harrison Division, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution.

2.      No party shall contest jurisdiction of this federal court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

## II.  SCOPE AND DURATION OF THIS DECREE

3.      This Decree resolves all issues and claims arising out of the Commission's Complaint in Civil Action No. 3:11-cv-03089, alleging unlawful employment practices by Defendant based on Charge No. 493-2010-00604 filed by Frances J. Guthrie.   This Decree shall not be considered in any manner to be dispositive of any charge which is or may be pending before any office of the Commission other than Charge No. 493-2010-00604.

4.      The provisions of this Decree are effective immediately upon the date that the Decree is entered by the court and shall be binding upon the parties to this lawsuit for eighteen months after the effective date of this Decree.

## III.  INJUNCTIVE RELIEF

5.      Defendant, its supervisors, managers, officers, directors, agents, successors, subcontractors, and all other persons in active concert with it are enjoined from retaliating against any applicant or employee because the individual has opposed discrimination under Title VII.

## IV.  TRAINING

6.      Defendant will provide an annual training program on employment discrimination and retaliation to all employees working at the Care Manor Mountain Home, Arkansas facility. The initial annual training will be scheduled and conducted within 60 days after the date of the entry of this Decree.  Defendant will send a member of senior management to appear at this training and advise participants of the company's anti-discrimination policy.

3

7.      Defendant will advise staff in writing that the training is mandatory for all employees.  The training will last three hours and will include, but not necessarily be limited to, the following:

(a)  The definition of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991;

(b)  An in-depth discussion of sex discrimination, including what constitutes sexual harassment;

(c)   An in-depth discussion of retaliation, including what constitutes retaliation under Title VII;

(d)   A discussion of how to prevent, identify, and remedy employment discrimination; and

(e)   A discussion of Defendant's policy prohibiting discrimination and retaliation, including procedures and responsibilities for reporting, investigating and remedying discrimination and retaliation.

8.      Defendant will retain an outside human resources consultant or attorney, to include Defendant's attorney in the present litigation, who has specialized knowledge of employment discrimination and who has experience in labor and employment law to provide the training and to fulfill the training requirement in Paragraphs 6 and 7 above.

## V.  RELIEF

9.      Defendant will pay a total of $22,500 to Frances J. Guthrie in full and final settlement of the claims of Francis J. Guthrie under the Commission's Complaint.

10.      Defendant will issue a 1099 form to Frances J. Guthrie for the amount paid to her.

11.     Within 30 business days of the entry of this Decree by the Court, Defendant shall mail a check, via certified mail, to Frances J. Guthrie at the address provided by the Commission.   Concurrently, a copy of the check and related correspondence will be mailed to Pamela B. Dixon, EEOC Trial Attorney, at the address listed below.

12.     Late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

## VI.  RECORDKEEPING AND REPORTING PROVISIONS

13.     Defendant will maintain records of any complaints of discrimination or retaliation involving its Care Manor Mountain Home, Arkansas facility.   These records must include the names, addresses, telephone numbers and social security numbers of the employee or applicant making the complaint.   These records must also contain the date of the report or complaint, a detailed description of the allegations made, the names of any witnesses, the name and job title of the alleged bad actor, and what actions, if any, Defendant took to resolve the complaint.

14.     Defendant will provide two reports to the Commission.   The first report must contain a summary of the information recorded by Defendant pursuant to Paragraph 13, above; a record of attendance at the training program required by Paragraphs 6 and 7 above; and a certification by Defendant that the Notice required to be posted by Paragraph 16 below remained posted during the time period preceding the report.   The second report must contain a summary of the information recorded by Defendant pursuant to Paragraph 13 above.

15. Defendant will submit the first report within 12 months of the entry of this Decree. Defendant will submit the final report within 17 months of the entry of this Decree. Defendant shall mail these reports to Pamela B. Dixon, EEOC Trial Attorney, at the address listed below.

## VII. NOTICE

16. Defendant will post the Notice attached as Exhibit A within 10 days of entry of this Decree. Defendant will post Exhibit A at its Care Manor Mountain Home, Arkansas facility, in conspicuous places upon its premises where notices to employees and applicants for employment are customarily posted, and keep Exhibit A posted for a period of eighteen months.

17. Defendant must also keep posted in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000-10.

## VIII. NOTIFICATION OF SUCCESSORS

18. Defendant will provide to any potential purchaser of Defendant's Care Manor location or a purchaser of all or a portion of Defendant's assets, and to any other potential successor prior written notice of the existence of the Commission's Complaint, this Decree, and the contents and obligations of the settlement.

## IX. ENFORCEMENT

19. If Defendant fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under this Decree. The Commission will provide ten days notice to Defendant of any deficiency in complying with the terms of this Decree. If the parties are unable to reach agreement regarding resolution of any such

deficiency in Defendant's compliance with the terms of this Decree, the Commission will then have the option of petitioning the Court for relief.

## X. MISCELLANEOUS

20. Each of the parties shall bear its own costs and attorney fees in this lawsuit.

21. If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

22. When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury by an officer or management employee of Defendant.

23. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the Commission, they will mailed to: CMNRC, Inc., Title VII Settlement, c/o Pamela B. Dixon, EEOC Trial Attorney, 820 Louisiana Street, Suite 200, Little Rock, AR 72201.

IT IS SO ORDERED THIS 26th DAY OF JULY, 2013.

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

7

Approved by the parties:

FOR THE COMMISSION:

**P. DAVID LOPEZ**
General Counsel


**GWENDOLYN YOUNG REAMS**
Associate General Counsel


/s/Faye A. Williams
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 011730


/s/Joseph Crout
**JOSEPH CROUT**
Supervisory Trial Attorney
TN Bar No. 012857


**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 901
Memphis, TN 38104
Telephone: (901) 544-0136

/s/Pamela B. Dixon
**PAMELA B. DIXON**
Senior Trial Attorney
AR Bar No. 95085

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
820 Louisiana Street, Ste. 200
Little Rock, AR 72201
Telephone: (501) 324-5065

FOR DEFENDANT:


/s/L. Sean Mathis
**L. SEAN MATHIS**
AR Bar No. 93227
LAW OFFICE OF SEAN MATHIS, P.C.
13155 Noel Road, Ste. 900
Dallas, TX 75240
Telephone (972) 368-9000

8